**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, ) ) ) Plaintiff, ) ) vs. ) ) THE UNITED STATES OF AMERICA, ) ) Defendant. ) | NO: 1:19-cv-7489 <br><br> **<u>JURY DEMAND</u>** |

**<u>SECOND AMENDED COMPLAINT AT LAW</u>**

Plaintiff, RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, by and through his attorneys, McNABOLA & ASSOCIATES, LLC, complaining of Defendant, THE UNITED STATES OF AMERICA, states as follows:

*Parties, Jurisdiction and Venue*

1. The events giving rise to this transaction or occurrence occurred in the City of Blue Island, County of Cook, State of Illinois.

2. The defendant, THE UNITED STATES OF AMERICA, is amenable to suit pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C. §§1346(b)(1), 2671-80.

3. Pursuant to 28 U.S.C. §1402, this Court has exclusive subject matter jurisdiction over THE UNITED STATES OF AMERICA.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1402(b).

5. On January 23, 2019, in conformity with 28 U.S.C. §2675, Plaintiff's decedent, ANISSA WELCH, submitted written notice to the Department of Health and Human Services, Office of the General Counsel, General Law Division – Claims Office ("DHHS"), setting forth

Plaintiff's claim for damages. On November 13, 2019, after all administrative remedies were exhausted, Plaintiff's decedent filed this action.

6. On August 6, 2021, ANISSA WELCH passed away secondary to her injuries stemming from the alleged negligence.

7. On September 17, 2021, Ronald Murrell was appointed Independent Administrator of the Estate of ANISSA WELCH, Deceased, by the Circuit Court of Cook County-Probate Division (see Order attached as Exhibit "A").

8. On September 29, 2021, in conformity with 28 U.S.C. §2675, Plaintiff submitted an Administrative Tort Claim to DHHS. On October 13, 2021, DHHS denied Plaintiff's Tort Claim and issued its notice of final determination.

9. On and before January 31, 2017, and at all times material, ACCESS COMMUNITY HEALTH NETWORK (hereinafter "ACCESS"), was a corporation organized and existing pursuant to the laws of the State of Illinois, that operated as a federally-qualified health center, as defined by 42 U.S.C. §1396d (l)(2)(B).

10. On and before January 31, 2017, and at all times material, ACCESS, employed various physicians, nurses, technicians and/or other healthcare professionals comprising a single, organized medical staff within its medical facility located in the City of Chicago, State of Illinois.

11. On and before January 31, 2017, Defendant, SOLOMON OKAI, M.D., was a physician licensed to practice his profession in the State of Illinois and held himself out to members of the public, including ANISSA WELCH, Deceased, as having specialized training and expertise in internal medicine.

12. On and before January 31, 2017, Defendant, SOLOMON OKAI, M.D., was an employee of Defendant, ACCESS, in connection with the care and treatment provided to ANISSA WELCH, Deceased.

13. On and before January 31, 2017, Defendant, SOLOMON OKAI, M.D., acted as an actual agent of the Defendant, ACCESS, in connection with the care and treatment provided to ANISSA WELCH.

14. On and before January 31, 2017, Defendant, SOLOMON OKAI, M.D., acted as an apparent agent of the Defendant, ACCESS, in connection with the care and treatment provided to ANISSA WELCH, Deceased.

### *Allegations Common to All Counts*

15. On March 26, 2015, ANISSA WELCH, Deceased, presented to ACCESS and came under the care and treatment of SOLOMON OKAI, M.D.

16. On March 26, 2015, ANISSA WELCH, Deceased, presented for follow up consultation after recent toe amputation.

17. On March 26, 2015, blood tests of ANISSA WELCH, Deceased, demonstrated abnormalities including BUN of 24, creatinine of 1.62, GFR of 43, and hemoglobin A1C of 6.6.

18. On March 26, 2015, urinalysis demonstrated protein in the urine of ANISSA WELCH, Deceased.

19. On March 26, 2015, SOLOMON OKAI, M.D., diagnosed ANISSA WELCH, Deceased, with diabetes, mild intermittent asthma and essential hypertension.

20. On April 9, 2015, ANISSA WELCH, Deceased, consulted with SOLOMON OKAI, M.D. at ACCESS, for follow up regarding the above lab work.

3

21. On April 9, 2015, SOLOMON OKAI, M.D. diagnosed ANISSA WELCH, Deceased, with urinary tract infection, renal impairment and urine protein increase.

22. On July 8, 2015, ANISSA WELCH consulted with SOLOMON OKAI, M.D. at ACCESS, with complaints of frequent urination.

23. On July 8, 2015, SOLOMON OKAI, M.D. diagnosed urinary tract infection.

24. On January 25, 2016, ANISSA WELCH, Deceased, presented for consultation with SOLOMON OKAI, M.D. at ACCESS for a preemployment physical.

25. On January 25, 2016, blood tests of ANISSA WELCH, Deceased, demonstrated abnormalities including BUN of 27, creatinine of 1.79, and GFR of 38.

26. On January 25, 2016, urinalysis demonstrated protein in the urine of ANISSA WELCH, Deceased.

27. On January 31, 2017, ANISSA WELCH, Deceased, presented to the emergency department at Metro South Hospital with complaints of severe fatigue and she was referred to nephrologist Salvatore Ventura, M.D.

28. On or about February 2, 2017, Salvatore Ventura, M.D. diagnosed ANISSA WELCH, Deceased, with kidney failure.

29. Between March 26, 2015 and January 31, 2017, ANISSA WELCH, Deceased, was under a continuous course of care at ACCESS, by and through its authorized agents and employees, SOLOMON OKAI, M.D.

30. Before January 31, 2017, ANISSA WELCH, Deceased, was never informed of the above abnormal lab results.

31. Before January 31, 2017, ANISSA WELCH, Deceased, was never informed she had kidney disease.

4

32. Before January 31, 2017, ANISSA WELCH, Deceased, had no basis to know she suffered from kidney disease or injury.

33. ANISSA WELCH, Deceased, first discovered she suffered from kidney disease or injury on or about January 31, 2017.

34. The first date Plaintiff ANISSA WELCH, Deceased, knew, or reasonably should have known, she was the victim of medical negligence was on or about January 31, 2017.

## COUNT I
### *Wrongful Death v. The United States of America by and through Access Community Health Network*

1-34. Plaintiff realleges paragraphs one (1) through thirty-four (34) of this Complaint as paragraphs one (1) through thirty-four (34) of Count I.

35. At all times material, Defendant, THE UNITED STATES OF AMERICA, by and through, ACCESS COMMUNITY HEALTH NETWORK, by and through its authorized agents and employees, including but not limited to, SOLOMON OKAI, M.D., had a duty to exercise reasonable care in connection with its care and treatment of ANISSA WELCH, Deceased.

36. Between March 26, 2015 and January 31, 2017, Defendant, THE UNITED STATES OF AMERICA, by and through ACCESS COMMUNITY HEALTH NETWORK, by and through its authorized agents and employees, including but not limited to, SOLOMON OKAI, M.D., was negligent in one or more of the following respects:

      a. Failed to recognize abnormal urinalysis indicative of severe kidney disease;
      b. Failed to recognize abnormal blood work;
      c. Failed to adequately treat hypertension;
      d. Failed to refer to nephrologist;
      e. Failed to inform patient of abnormal blood work;
      f. Failed to inform patient of abnormal urinalysis;
      g. Failed to diagnose kidney disease; and
      h. Failed to treat kidney disease.

5

37. As a proximate result of one or more of the above negligent acts and/or omissions of Defendant, THE UNITED STATES OF AMERICA, by and through ACCESS COMMUNITY HEALTH NETWORK, by and through its authorized agents and employees, including but not limited to, SOLOMON OKAI, M.D., ANISSA WELCH, Deceased, was seriously injured and caused to suffer damages of personal, pecuniary, and permanent nature, including but not limited to, kidney failure, dialysis, and her untimely death.

38. This action is brought by RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, by virtue of an Order entered in the Circuit Court of Cook County and pursuant to the provisions of the Illinois Wrongful Death Act.

39. Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, demands judgment be entered against Defendant, THE UNITED STATES OF AMERICA, by and through ACCESS COMMUNITY HEALTH NETWORK, an Illinois Corporation, by and through its authorized agents and employees, including but not limited to, SOLOMON OKAI, M.D., in an amount in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT II
*Wrongful Death v. The United States of America*
*by and through Solomon Okai, M.D.*

1-34. Plaintiff realleges paragraphs one (1) through thirty-four (34) of this Complaint as paragraphs one (1) through thirty-four (34) of Count II.

6

35. At all times material, Defendant, THE UNITED STATES OF AMERICA, by and through SOLOMON OKAI, M.D., had a duty to exercise reasonable care in connection with his care and treatment of ANISSA WELCH, Deceased.

36. Between March 26, 2015 and January 31, 2017, Defendant, THE UNITED STATES OF AMERICA, by and through SOLOMON OKAI, M.D., was negligent in one or more of the following respects:

      a. Failed to recognize abnormal urinalysis indicative of severe kidney disease;
      b. Failed to recognize abnormal blood work;
      c. Failed to adequately treat hypertension;
      d. Failed to refer to nephrologist;
      e. Failed to inform patient of abnormal blood work; and
      f. Failed to inform patient of abnormal urinalysis;
      g. Failed to diagnose kidney disease; and
      h. Failed to treat kidney disease.

37. As a proximate result of one or more of the above negligent acts and/or omissions of Defendant, THE UNITED STATES OF AMERICA, by and through SOLOMON OKAI, M.D., ANISSA WELCH, Deceased, was seriously injured and caused to suffer damages of personal, pecuniary, and permanent nature, including but not limited to, kidney failure, dialysis, and her untimely death.

38. This action is brought by RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, by virtue of an Order entered in the Circuit Court of Cook County and pursuant to the provisions of the Illinois Wrongful Death Act.

39. Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, demands judgment be entered against Defendant, THE UNITED

7

STATES OF AMERICA, by and through SOLOMON OKAI, M.D., in an amount in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT III
### Survival Action v. The United States of America
### by and through Access Community Health Network

1-36. Plaintiff realleges paragraphs one (1) through thirty-six (36) of Count I as paragraphs one (1) through thirty-six (36) of Count III.

37. As a proximate result of one or more of the above negligent acts and/or omissions of Defendant, THE UNITED STATES OF AMERICA, by and through ACCESS COMMUNITY HEALTH NETWORK, by and through its authorized agents and employees, including but not limited to, SOLOMON OKAI, M.D., ANISSA WELCH, Deceased, suffered conscious pain and suffering and this claim has thus survived her death.

38. Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, demands judgment be entered against Defendant, THE UNITED STATES OF AMERICA, by and through ACCESS COMMUNITY HEALTH NETWORK, an Illinois Corporation, by and through its authorized agents and employees, including but not limited to, SOLOMON OKAI, M.D., in an amount in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT IV
### *Survival Act v. The United States of America by and through Solomon Okai, M.D.*

1-36. Plaintiff realleges paragraphs one (1) through thirty-six (36) of Count II as paragraphs one (1) through thirty-six (36) of Count IV.

37. As a proximate result of one or more of the above negligent acts and/or omissions of Defendant, THE UNITED STATES OF AMERICA, by and through SOLOMON OKAI, M.D., ANISSA WELCH, Deceased, suffered conscious pain and suffering and this claim has thus survived her death.

38. Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, RONALD MURRELL, Independent Administrator of the Estate of ANISSA WELCH, Deceased, demands judgment be entered against Defendant, THE UNITED STATES OF AMERICA, by and through SOLOMON OKAI, M.D., in an amount in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

Respectfully submitted,

/s/ Edward W. McNabola

_____
Attorney for Plaintiff

Edward W. McNabola, Esq.
Terrance M. Nofsinger, Esq.
**McNABOLA & ASSOCIATES, LLC**
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 888-7000
ted@injuryillinois.com

9